UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| VALERIE M. POOLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:24-cv-00092-LEW |
| | ) |
| NEW REZ LLC, et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON MOTION FOR TEMPORARY RESTRAINING ORDER**

In this action, pro se Plaintiff Valerie Poole sues her mortgage lender and a collection of other entities that she alleges have left their fingerprints on the imperfect process of securitization of her promissory note into the NRZ Advance Receivables Trust 2015 ON1. She seeks declaratory, equitable, and injunctive relief that would clear her real estate property title, invalidate the note and mortgage she executed to secure the funds needed to purchase her home in Lewiston, and evidently set aside a foreclosure judgment rendered in the State of Maine District Court. Plaintiff also asserts statutory and tort claims for money damages based on alleged misrepresentations or nondisclosures during the lending process. *See* Am. Compl. (ECF No. 4). Plaintiff has also filed certain supplemental claims (ECF No. 24).

Plaintiff filed this action on March 25, 2024. To date, she has not served several of the Defendants, which failure is the subject of a recent order to show cause. *See* July 16, 2024 Order to Show Cause (ECF No. 22) (observing that service of process remains to be

accomplished on defendants HLSS Holding, LLC, DITECH Financial LLC, Wilmington Trust National Association, Credit Suisse AG and US Bank National Association).

The matter is currently before the Court on Plaintiffs' Motion for Temporary Restraining Order (ECF No. 23). Plaintiff asserts that Defendant New Rez LLC "should be prohibited/restrained from demanding any money/monthly rent payments [or] evicting [her] from the Real Property." *Id.* at 1. Plaintiff further asserts that her Motion is supported by "the preponderance of evidence included within the complaint." *Id.* at 2. It appears that Plaintiff's rights in the property have been foreclosed, as she avers that the Lewiston District Court ruled against her in a 2022 real estate matter, which ruling antedated recent communications by New Rez about rent payments in lieu of eviction. *Id.* at 2, ¶ 3. Plaintiff has also filed records that suggest that the Department of Housing and Urban Development may purchase her property from the foreclosing mortgagee and that she may be permitted to continue occupying the home on a temporary basis if she agrees to sign a lease and qualifies under the Department's occupied conveyance program. *See* Joinder of Claims Attachments (ECF No. 24-1).

Preliminary injunctive relief is extraordinary in nature and is never awarded as of right, particularly when it is granted without giving the opposing party an opportunity to be heard. *Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc.*, 645 F.3d 26, 32 (1st Cir. 2011); *Baber v. Dunlap*, 349 F. Supp. 3d 68, 74 (D. Me. 2018). Preliminary injunctive relief is appropriate if the record before the Court demonstrates (A) that the plaintiff is likely to succeed on the merits of a claim for which injunctive relief is available; (B) that the plaintiff is likely to suffer irreparable harm absent interim relief; (C) that the

balance of equities between or among the parties tips in the plaintiff's favor; and (D) that providing the requested relief will not harm the public interest. *Arborjet, Inc. v. Rainbow Treecare Sci. Advancements, Inc.*, 794 F.3d 168, 171 (1st Cir. 2015). As the party seeking injunctive relief the plaintiff necessarily bears the burden of establishing that the factors favor the award of extraordinary temporary or preliminary injunctive relief. *Nat'l Org. for Marriage v. Daluz*, 654 F.3d 115, 117, 119–20 (1st Cir. 2011). The plaintiff's likelihood of success on the merits is the "main bearing wall" of the analysis, meaning that injunctive relief is appropriately withheld if this showing falls short. *W Holding Co., Inc. v. AIG Ins. Co.-Puerto Rico*, 748 F.3d 377, 383 (1st Cir. 2014) (quoting *Ross-Simons of Warwick, Inc. v. Baccarat, Inc.*, 102 F.3d 12, 16 (1st Cir. 1996)).

     As for the likelihood of success on the merits, Plaintiff's imperfect securitization and other theories of relief appear to afford an unlikely means of avoiding the consequences of a default, especially a default that has resulted in a judgment of foreclosure. Plaintiff confusingly asserts that she was not actually loaned any money to purchase the property in question but instead deposited her own money into a financial institution. This proposition is doubtful. In any event, Plaintiff has not given the Court cause to conclude that she is likely to prevail in this Court on an attempt to unwind foreclosure proceedings in the Maine District Court, a venue where, presumably, she was able to challenge whether the foreclosing party was in proper possession of her note and mortgage and whose judgment is better challenged by means of an appeal than by an action in this Court.

     Because Plaintiff has failed to demonstrate the likelihood of success on a claim that would result in a permanent injunction and declaratory relief vesting her with clear title to

the property, Plaintiff's Motion for Temporary Restraining Order is **DENIED** (ECF No. 23).

SO ORDERED.

    Dated this 26th day of July, 2024.

                                             /s/ Lance E. Walker
                                             Chief U.S. District Judge