UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| VALERIE M. POOLE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:24-cv-00092-SDN |
| | ) | |
| NEW REZ, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO STAY AND FOR
PROTECTIVE ORDER**

Defendants ask the Court to stay discovery and order that they are not required to respond to Plaintiff's discovery initiatives until after the Court rules on Defendants' pending motion to dismiss.  (Motion for Stay and for Protective Order, ECF No. 34.)

Pursuant to Federal Rule of Civil Procedure 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized … by stipulation, or by court order."  The record does not reflect that the parties have conferred as contemplated by Rule 26(f), and the Court has not issued a scheduling order to govern discovery.

Upon review of the docket, the Court discerns no reason to deviate from the general rule to defer discovery until after the Court determines whether Plaintiff can proceed on a claim.  *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (noting that pleading rules "do[ ] not unlock the doors of discovery for a plaintiff" with a complaint that fails to state

a valid claim); *Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) (plaintiffs are generally not entitled to discovery before resolution of a motion to dismiss because "dismissal under Rule 12(b)(6) helps protect defendants from expending resources on costly discovery for cases that will not survive . . .").

The Court, therefore, grants Defendants' motion to stay and for a protective order. The parties shall not conduct discovery and Defendants are not obligated to respond to Plaintiff's discovery requests until after the Court rules on Defendants' motion to dismiss.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 1st day of October, 2024.