UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| VALERIE M. POOLE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 2:24-cv-00092-SDN |
| | ) | |
| NEW REZ, LLC, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON MOTION TO VACATE OR AMEND ORDER**

On October 1, 2024, the Court granted Defendants' request to stay discovery until after the Court rules on Defendants' pending motion to dismiss. (Order on Motion to Stay, ECF No. 36.) On October 15, 2024, Plaintiff moved the Court to vacate or amend the order. (Motion to Vacate or Amend, ECF No. 37.) The Court construes Plaintiff's motion as a request for reconsideration.

**DISCUSSION**

"A motion for reconsideration is not a vehicle to force the court to think twice; it is not an opportunity for the losing party simply to press his unsuccessful arguments a second time in the hope that, by repetition, the court will see it that way. *Int'l Ass'n of Machinists & Aerospace Workers v. Verso Corp.*, 121 F. Supp. 3d 201, 217 (D. Me. 2015) (internal quotation marks and citations omitted).

In her motion, Plaintiff reiterates the relevancy of the information she seeks in discovery and argues that the Court improperly granted the stay of discovery in part

because Defendants did not confer with Plaintiff, as required by the relevant procedural rules, before filing their motion to stay and for a protective order.

Federal Rule of Civil Procedure 26 contemplates that before a party may initiate discovery, the Court will issue a scheduling order upon review of the proposed discovery plan filed by the parties after the parties have conferred. Fed. R. Civ. P. 26(d)(1). In this District, upon the filing of a defendant's answer to the complaint, the Court issues a scheduling order and establishes a date by which the parties are to confer and file any objections to the order. When a party files a motion in response to the complaint, as Defendants did in this case, the Court typically defers issuing a scheduling order until after the Court rules on the motion. Unless the Court orders otherwise, discovery is not authorized until the Court issues a scheduling order.

Because Defendants filed a motion to dismiss in response to Plaintiff's complaint, consistent with the practice in this District, the Court has not issued a scheduling order in this case. The Court, therefore, has not authorized discovery in this case. For that reason, the Court granted the motion to stay discovery. Plaintiff has offered no persuasive reason for the Court to revisit the decision. The Court, therefore, denies Plaintiff's motion to vacate or amend the order. If the Court denies Defendants' motion to dismiss, the Court will issue a scheduling order and Plaintiff can engage in discovery.

Plaintiff argues in part that the Court should not have granted Defendants' motion because Defendants did not confer with her before they filed the motion, particularly when the Court cited the failure of the parties to confer before Plaintiff initiated discovery when the Court granted Defendants' motion to stay discovery. To clarify, the Court did not grant

Defendants' motion to stay discovery simply because the parties did not confer regarding discovery. As explained above, the conference is merely part of the process by which a final scheduling order is issued. The lack of a scheduling order authorizing discovery and the authority cited by the Court[1] are the bases of the Court's decision to grant the motion to stay discovery.

## CONCLUSION

Based on the foregoing analysis, the Court denies Plaintiff's motion to vacate or amend the order staying discovery until after the Court rules on Defendants' motion to dismiss.

## NOTICE

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 3rd day of January, 2025.

---

[1] In the order granting the stay of discovery, the Court cited *Kolley v. Adult Protective Servs.*, 725 F.3d 581, 587 (6th Cir. 2013) for the proposition that plaintiffs are generally not entitled to discovery before resolution of a motion to dismiss because "dismissal under Rule 12(b)(6) helps protect defendants from expending resources on costly discovery for cases that will not survive . . ." (Order on Motion to Stay at 2.)