UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| VALERIE M. POOLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:24-cv-00092-SDN |
| | ) |
| NEWREZ LLC, et al. | ) |
| | ) |
| Defendants. | ) |

**ORDER ON MOTION TO DISMISS**

Defendants PHH Mortgage Corporation, Rithm Capital Corporation, New Residential Mortgage LLC, Newrez LLC d/b/a Shellpoint Mortgage Servicing, Deutsche Bank National Trust Company as Indenture Trustee for Securitized Trust NRZ Advance Receivables Trust 2015-ON1, NRZ Advance Facility Transferor 2015-ON1 LLC, and Mortgage Electronic Registration Systems, Inc. (collectively, "Defendants") move pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Plaintiff Valerie Poole's ten-count Amended Complaint for failure to state a claim. Plaintiff did not file a response to Defendants' Motion. For the reasons discussed below, Defendants' motion is GRANTED.

## I. Factual Allegations

The facts are drawn from Plaintiff's Amended Complaint (ECF No. 4) and are treated as true for purposes of the motion to dismiss.

Plaintiff entered into a consumer credit transaction with Ditech Financial LLC on September 11, 2015 by obtaining a $115,030.00 mortgage loan, secured by a mortgage on her property located at 67 Bridge Street in Lewiston, Maine. Am. Compl. ¶¶ 1, 33. The loan was securitized and the note was not properly transferred to Deutsche Bank, acting as the

Indenture Trustee for the NRZ ART 2015-ON1 Trust. Am. Compl. ¶ 34. Plaintiff's loan was sold, transferred, and securitized with other loans and mortgages with an aggregate principal balance of over $40 million into the trust, which is a common law trust formed under New York law. Am. Compl. ¶ 34. Plaintiff's mortgage note was not clearly witnessed as being assigned to the Real Estate Mortgage Investment Conduit ("REMIC") trust it was intended to be assigned to. Am. Compl. ¶ 35. The Pooling and Service Agreement ("PSA") governing Plaintiff's loan required the note or mortgage to be assigned to the trust and executed by multiple intervening parties in a chain of assignments before it reached the REMIC trust. Am. Compl. ¶ 36. Neither the note nor the mortgage was assigned to the trust by the closing date, therefore, Plaintiff alleges under the PSA that any assignments of the mortgage beyond the specified closing date for the trust are void. Am. Compl. ¶ 39.

Plaintiff alleges that the Defendants' "actions in the processing, handling and attempted foreclosure of this loan involved numerous fraudulent, false, deceptive and misleading practices" including violations of state and federal consumer protection laws. Am. Compl. ¶ 64. She further alleges Defendants "have or claim the right to illegally commence foreclosure" on her property supported by false or fraudulent documents. Am. Compl. ¶ 76. Plaintiff alleges Defendants concealed the fact that her loan was securitized as well as the terms of the securitization agreements, changing the character of the loan to Plaintiff's detriment. Am. Compl. ¶ 80.

Plaintiff commenced this action by filing her Complaint (ECF No. 1) on March 25, 2024. She filed her Amended Complaint (ECF No. 4) on April 15, 2024. Defendants moved to dismiss (ECF No. 33) on July 31, 2024, to which Plaintiff failed to respond. The Lewiston District Court entered a judgment of foreclosure in favor of Defendant Newrez, LLC d/b/a Shellpoint Mortgage Servicing regarding the property, 67 Bridge Street,

Lewiston, Maine, on April 2, 2024 under the docket number LEWDC-RE-2022-00055.[1] Defs.' Mot. Dismiss Pl.'s Compl. ("MTD") (ECF No. 33), Ex. 1.

## II. Legal Standard

Defendants move to dismiss the Amended Complaint for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). The Court applies a two-step inquiry to resolve such motions: First, "isolate and ignore statements in the complaint that simply offer legal labels and conclusions." *Schatz v. Republican State Leadership Comm.*, 669 F.3d 50, 55 (1st Cir. 2012). Second, "take the complaint's well-pled (i.e., non-conclusory, non-speculative) facts as true, drawing all reasonable inferences in the pleader's favor, and see if they plausibly narrate a claim for relief." *Id.*

The rigidity of that framework is slightly loosened because Ms. Poole represents herself. Complaints filed pro se must "'be liberally construed' . . . and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). That broad solicitude toward unrepresented

---

[1] Plaintiff did not include the judgment of foreclosure with her Amended Complaint. Generally, courts are not to consider material beyond the complaint on a motion to dismiss without converting the motion into one for summary judgment. *Alt. Energy, Inc. v. St. Paul Fire & Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001). However, there is a "narrow exception 'for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint.'" *Id.* (quoting *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)). "When the complaint relies upon a document, whose authenticity is not challenged, such a document 'merges into the pleadings' and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." *Id.* (quoting *Beddall v. State St. Bank & Tr. Co.*, 137 F.3d 12, 17 (1st Cir. 1998)). Here, Plaintiff has not challenged the authenticity of the judgment of foreclosure. She refers to the foreclosure action in her Amended Complaint at several points, including allegations that Defendants used "numerous fraudulent, false, deceptive, and misleading practices" in their attempt to foreclose, Am. Compl. ¶ 64, and count one of her Amended Complaint challenges Defendants' standing to foreclose, Am. Compl. at 32-33. The Court is satisfied that the judgment of foreclosure falls into the exception for considering documents outside the pleadings because its authenticity has not been challenged, the foreclosure is sufficiently referred to in the Amended Complaint, and the foreclosure is central to at least one of Plaintiff's claims.

parties, however, "does not require [the Court] to conjure up unpled allegations," *Viera v. De Souza*, 22 F.4th 304, 311 (1st Cir. 2022) (quoting *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979)), nor does it permit the Court to "rewrite a petition to include claims that were never presented," *id.* (quoting *Barnett v. Hargett*, 174 F.3d 1128, 1132 (10th Cir. 1999)).

### III. Discussion

Defendants move to dismiss Plaintiff's Amended Complaint on several grounds, including Plaintiff's lack of standing to challenge the validity of the mortgage loan's securtization, timeliness, res judicata, the *Colorado River* abstention doctrine, and because Plaintiff's claims amount to a request for an advisory opinion. The Court begins its analysis with the claims under federal law that give this Court subject matter jurisdiction, *see* 28 U.S.C. § 1331, examining each to determine whether Plaintiff has stated a plausible claim for relief, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

#### A. Truth in Lending Act

Plaintiff's "eighth cause of action" alleges Defendants violated the Truth in Lending Act (TILA), 15 U.S.C. § 1601 et seq., "by failing to provide Plaintiff with accurate material disclosures required under TILA." Am. Compl. ¶ 132. She further asserts that "[a]ny and all statute[s] of limitations relating to disclosures and notices required [under TILA] were tolled due to Defendants' failure to effectively provide the required disclosures and notices." Am. Compl. ¶ 133. The paragraphs under the TILA cause of action header seek both rescission and damages remedies. Am. Compl. ¶¶ 134-37. Defendants move to dismiss the TILA claim because they argue Plaintiffs' claims are untimely for both forms of remedy Plaintiff seeks. MTD at 5.

"The Truth in Lending Act has the broad purpose of promoting 'the informed use of credit' by assuring 'meaningful disclosure of credit terms' to consumers." *Ford Motor Credit Co. v. Milhollin*, 444 U.S. 555, 559 (1980) (quoting 15 U.S.C. § 1601). "Accordingly, the Act requires creditors to provide borrowers with clear and accurate disclosures of terms dealing with things like finance charges, annual percentage rates of interest, and the borrower's rights." *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412 (1998) (citing 15 U.S.C. §§ 1631, 1632, 1635, 1638). If a creditor fails to make the required disclosures, the debtor can sue for damages. *See* 15 U.S.C. § 1640(a). In a consumer credit transaction where a creditor retains or acquires a security interest on a debtor's principal dwelling (i.e. a residential mortgage transaction), the debtor has the right to demand the creditor to rescind the transaction "until midnight of the third business day following the consummation of the transaction or the delivery of the information and rescission forms required under this section together with a statement containing the material disclosures required under this subchapter, whichever is later." *Id.* § 1635(a). If the creditor does not so rescind the mortgage within twenty days of the demand, "the debtor can bring suit in federal court to enforce her right of rescission." *Belini v. Wash. Mut. Bank, FA*, 412 F.3d 17, 20 (1st Cir. 2005) (citing 15 U.S.C. § 1635(b)).

Both the right of rescission and the damages remedy are time-limited by statute. 15 U.S.C. §§ 1635(f), 1640(e). Any claim under TILA for damages must be brought within one year of the date of the violation. *Id.* § 1640(e). The debtor's right of rescission expires "three years after the date of consummation of the transaction or upon the sale of the property, whichever occurs first, notwithstanding the fact that the information and forms required under this section or any other disclosures required under this part have not been delivered to the [debtor]." *Id.* § 1635(f). Equitable tolling is available for TILA

5

claims. *Darling v. Indymac Bancorp, Inc.*, Civil No. 6-123-B-W, 2008 WL 3539518, at *7 (D. Me. Aug. 12, 2008) (collecting cases agreeing that the TILA limitation provision is subject to equitable tolling), *R&R adopted in relevant part sub nom. Darling v. Western Thrift & Loan*, 600 F.Supp.2d 189 (D. Me. 2009). Equitable tolling prevents the running of a statute of limitations for a period of time where "a plaintiff, in the exercise of reasonable diligence, could not have discovered information essential to the suit." *Id.* (quoting *Gonzalez v. United States*, 284 F.3d 281, 291 (1st Cir. 2002)).

In her Amended Complaint, Plaintiff has not alleged that she ever made a demand to any Defendant to rescind the mortgage for failure to provide notices required by TILA, so the only time that a violation of TILA for failure to provide disclosures could have occurred was upon consummation of the mortgage transaction, which Plaintiff alleges was September 11, 2015. *Cf. Belini*, 412 F.3d at 27 (determining that a TILA claim for damages was timely when plaintiffs brought the claim within one year of defendant's failure to act on plaintiffs' notice of rescission). Plaintiff instituted this action on March 25, 2024, approximately eight and a half years after the time of the mortgage loan transaction she alleges constitutes the TILA violation because Defendants failed to provide proper disclosures. As such, this action is well beyond the statute of limitations for damages claims, 15 U.S.C. § 1640(e) (damages claims limited to one year after the date of the violation), and well beyond the statute of limitations for the statutory right of rescission, *id.* § 1635(f) (right of rescission expires three years after the date of the transaction regardless of whether proper disclosures were provided). Unless the statute of limitations is subject to equitable tolling under the circumstances, Plaintiff's claims under TILA are untimely.

Plaintiff makes the conclusory assertion that the applicable statutes of limitations are tolled due to Defendants' failure to provide required disclosures. Am. Compl. ¶ 133. This cannot be the law because it would render every failure to make the required disclosures tolled, defeating the purpose of a limitations period entirely. *See* 15 U.S.C. § 1635(f) (right of rescission expires three years after the date of the transaction *regardless of whether proper disclosures were provided*). Plaintiff's bare reference to fraudulent behavior, *see* Am. Compl. ¶ 137, cannot save her TILA claim despite its untimeliness because she must allege *facts* that plausibly narrate a reason the limitations period is tolled, not mere legal conclusions. *Schatz*, 669 F.3d at 55. Plaintiff's claim for relief under TILA is untimely and therefore dismissed.

### B. Real Estate Settlement Procedures Act

Plaintiff's "ninth cause of action" alleges Defendants violated the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2601 et seq., by failing to provide proper disclosures of Defendants' income from the loan under the law. Am. Compl. ¶ 142. She further alleges "Defendants violated RESPA because the payments between the Defendants were misleading and designed to create a windfall." Am. Compl. ¶ 143. Defendants move to dismiss Plaintiff's claim under RESPA as untimely. MTD at 6.

The purpose of RESPA is to provide "advance disclosure to home buyers and sellers of settlement costs," eliminate "kickbacks or referral fees that tend to increase unnecessarily the costs of certain settlement services," reduce "the amounts home buyers are required to place in escrow accounts," and modernize "local recordkeeping of land title information." 12 U.S.C. § 2601(b). Actions for violations of RESPA are limited to one year from the date of the violation for actions under Sections 2607 or 2608 and three years from the date of the violation for actions under Section 2605. *Id.* § 2614.

Construing Plaintiff's Amended Complaint liberally and drawing inferences in her favor, as this Court must do, *Erickson*, 551 U.S. at 94, Plaintiff appears to allege that previously-dismissed defendant[2] Ditech Financial, LLC failed to provide disclosures under RESPA at the time of the mortgage loan transaction. *See* Am. Compl. ¶ 142. Plaintiff makes no other factual allegations that could be construed to narrate a plausible claim for relief under any provision of RESPA. Putting aside the fact that Ditech already has been dismissed from this case, Plaintiff's Amended Complaint alleges the mortgage loan transaction occurred on September 11, 2015, well over three years before she commenced this suit. Under any provision of RESPA, Plaintiff's claim therefore is untimely. 12 U.S.C. § 2614. Accordingly, Plaintiff's RESPA claim is dismissed.

### C. Remaining Claims

This Court had original federal question jurisdiction over the claims "arising under" federal law, i.e. Plaintiff's claims under TILA and RESPA. 28 U.S.C. § 1331. Plaintiff's remaining "causes of action,"[3] to the extent they constitute standalone causes of action, arise under state law.[4] This Court has supplemental jurisdiction "over all other claims that are so related to the claims in the action within such original jurisdiction that they form part of the same case or controversy." *Id*. § 1367(a). However, the Court "may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." *Id*. § 1367(c)(3).

---

[2] *See* Order to Dismiss Certain Defendants for Failure to Show Cause, ECF No. 42.
[3] Plaintiff's complaint brings counts for "lack of standing," Am. Compl. at 16, fraud in the concealment, *id*. at 20, fraud in the inducement, *id*. at 22, intentional infliction of emotion distress, *id*. at 23, slander of title, *id*. at 25, quiet title, *id*. at 26, declaratory relief, *id*. at 27, and "rescission," *id*. at 31.
[4] This is true even if the Court construes Plaintiff's request for declaratory judgment as one under the federal Declaratory Judgment Act because the Act "does not by itself create a federal cause of action." *Tyngsboro Sports II Solar, LLC v. Nat'l Grid USA Serv. Co., Inc.*, 88 F.4th 58, 64 (1st Cir. 2023).

In general, "the unfavorable disposition of a plaintiff's federal claims at the early stages of a suit, well before the commencement of trial, will trigger the dismissal without prejudice of any supplemental state-law claims." *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1177 (1st Cir. 1995). The justification of this rule "lies in considerations of judicial economy, convenience and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

Here, the Court sees no reason to depart from the general rule that it should decline supplemental jurisdiction over state law claims when the federal claims are dismissed at an early stage. Litigating questions of Defendants' standing to foreclose and the validity of their claims to the mortgage interest and the property in this forum when those questions either have been or could have been litigated in the foreclosure action in the Lewiston District Court does not promote judicial economy, convenience, or fairness to the litigants. Rather, allowing Plaintiff to take another bite at the apple in this Court when she has failed to prevail in state court where she had a fair opportunity to present her arguments would undermine the promotion of judicial economy, convenience, and fairness. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims because her federal claims have been dismissed. 28 U.S.C. § 1367(c)(3).

## IV.    Conclusion

Plaintiff has failed to state a claim upon which relief can be granted that this Court has original subject matter judisdiction over. Given the early stage of this litigation and to promote judicial economy, the Court declines to exercise supplemental jurisdiction over Plaintiff's claims arising under state law. Accordingly, Plaintiff's Amended Complaint is DISMISSED in its entirety.

**SO ORDERED.**

Dated this 5th day of February, 2025.

                                                 /s/ STACEY D. NEUMANN
**STACEY D. NEUMANN**
**UNITED STATES DISTRICT JUDGE**